THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN T. MILLER, <br><br> Plaintiff, <br><br> v. <br><br> GABRIEL POWER et al., <br><br> Defendants. | **MEMORANDUM DECISION & ORDER ON [6], [7], AND [8] MOTIONS TO DISMISS** <br><br> Case No. 2:20-cv-210-DBB <br><br> District Judge David Barlow |

Defendants removed to this Court Plaintiff's action originally filed in state court.[1] Alleging inadequate medical care during Plaintiff's stay at Utah State Prison (USP), the Complaint brings federal and state constitutional claims against Defendants Utah Department of Corrections (UDOC), Physician Assistant Crocket, and Dr. Power.[2]

For failure to state a claim upon which relief may be granted, Defendants individually move for dismissal.[3] Responding, Plaintiff concedes to dismissal of his § 1983[4] claim against Defendant UDOC and against Defendants Crockett and Power in their official capacities.[5] These

---

[1] ECF No. 2.

[2] ECF No. 2-2.

[3] ECF Nos. 6–8.

[4] Section 1983 reads in pertinent part:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .
42 U.S.C.S. § 1983 (2021).

[5] ECF Nos. 9, at 4; 14, at 18; 15, at 16.

concessions are well taken. Plaintiff's § 1983 claim against Defendant UDOC and against Defendants Crockett and Power in their official capacities is thus dismissed.[6]

## MOTIONS TO DISMISS

### A. Standard of Review

Evaluating a complaint for failure to state a claim upon which relief may be granted, all well-pleaded factual assertions are taken as true and regarded in a light most advantageous to Plaintiff.[7] Dismissal is appropriate when, though those facts are assumed true, Plaintiff still has not stated a plausible right to relief.[8] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."[9] When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth.[10] In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[11]

---

[6] *See* Fed. R. Civ. P. 41(a)(2).

[7] *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008).

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (quoting *Twombly*, 550 U.S. at 554–55).

[11] *Red Hawk*, 493 F.3d at 1177 (italics in original).

## B. Facts Taken from Complaint Assumed True

- 7/17/18    Plaintiff treated at Intermountain Medical Center for foot wound.[12]

- 7/18/18    Plaintiff diagnosed with strep infection in wound and given week-long antibiotic prescription.[13]

- 7/23/18    Plaintiff transported to USP with antibiotic.[14]

- 7/25/18    Plaintiff met with Defendant Crocket, who spoke to Plaintiff through "cup port in the door" and so did not visually assess Plaintiff.[15] Plaintiff told Crocket about antibiotic and, due to diabetes and his infection in one foot and charcot in the other,[16] declined Crocket's request that he waive intake physical.[17] Crocket left and returned later to say Plaintiff "would continue receiving his insulin and cholesterol prescriptions," but he did not continue Plaintiff's antibiotic or inspect or address the foot infection.[18]

- 8/3/18    Plaintiff saw Defendant Power, who cut open foot wound to "clean it out."[19] Power said "he would prescribe two antibiotics . . . and dressing changes."[20] Power failed to

---

[12] ECF No. 2-2, at 2.

[13] *Id.*

[14] *Id.* at 3.

[15] *Id.*

[16] "Charcot foot is a condition causing weakening of the bones in the foot that can occur in people who have significant nerve damage." (ECF No. 2-2, at 4 n.1.)

[17] *Id.*

[18] *Id.* at 3-4.

[19] *Id.* at 4.

[20] *Id.*

|            |                                                                                                         |
|------------|---------------------------------------------------------------------------------------------------------|
|            | prescribe the antibiotics.[21] Neither antibiotics nor dressing changes were given to Plaintiff in later pill line.[22] |
| • 8/4/18   | At morning pill line, medical staff told Plaintiff that staff did not have antibiotic or dressing-change prescription from Defendant Power.[23] In afternoon, staff changed dressing, then gave Plaintiff supplies to change his own dressing going forward.[24] Technician told Plaintiff that he did not have antibiotic prescription and Defendant Power would be e-mailed about it.[25] |
| • 8/5/18   | Plaintiff very sick and taken by ambulance to University of Utah hospital, where he stayed for twelve days, receiving "Wound Vac" treatment and several surgeries (including amputation of toe and top of foot), before returning to USP.[26] |
| • Present  | Plaintiff has ongoing physical problems from this episode.[27]                                          |

### C. Section 1983 Claim

Plaintiff contends Defendants Crocket and Power subjected him to cruel and unusual punishment by inadequately treating his foot infection.

In their motions to dismiss, Defendants assert the defense of qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of

---

[21] *Id*.

[22] *Id*.

[23] *Id*. at 5.

[24] *Id*.

[25] *Id*.

[26] *Id.* at 6–7.

[27] *Id.* at 7.

which a reasonable person would have known."²⁸ An official must have fair notice that his or her conduct is unlawful, which requires the court to evaluate the reasonability of an official's knowledge "against the backdrop of the law at the time of the conduct.²⁹ Thus, when a defendant raises a qualified immunity defense, a plaintiff must establish "(1) the defendant violated a federal statutory or constitutional right and (2) the right was clearly established at the time of the defendant's conduct."³⁰

### 1. Eighth Amendment Violation

The Eight Amendment proscribes "cruel and unusual punishment," which includes inadequate medical care.³¹ To succeed under the Eighth Amendment, Plaintiff must demonstrate acts or omissions harmful enough to show deliberate indifference that offends "'evolving standards of decency.'"³² The amendment prohibits deliberate indifference constituting the "'unnecessary and wanton infliction of pain.'"³³ Moreover, Plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to *serious* medical needs."³⁴

*Estelle*'s deliberate indifference standard has an objective component asking whether the alleged deprivation is "sufficiently serious," and a subjective component asking whether the defendant official "knows of and disregards an *excessive* risk to inmate health or safety."³⁵ The

---

²⁸ *Ullery v. Bradley*, 949 F.3d 1282, 1289 (10th Cir. 2020 (internal quotation marks and citations omitted).
²⁹ *Id.* (internal quotation marks and citations omitted.)
³⁰ *Id.*
³¹ U.S. Const. amend. VIII.
³² *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).
³³ *Id.* at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion)).
³⁴ *Id.* at 104 (emphasis added).
³⁵ *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added).

subjective component questions whether prison officials acted with a "sufficiently culpable state of mind."[36] "[E]ven if a prison official has knowledge of a substantial risk of serious harm to inmates, he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate the risk."[37] Thus, Plaintiff must show he suffered from a serious condition that Defendant knew about and ignored, and that by ignoring Plaintiff's condition, or failing to take reasonable steps to alleviate the risk, Defendant caused Plaintiff serious physical harm, or the unnecessary, wanton infliction of pain.

While it is certainly not always the case, an infection "may be a serious need."[38] Moreover, a delay in medical care may constitute an Eighth Amendment violation when a plaintiff shows delay caused "substantial harm."[39] The substantial harm imperative "'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'"[40]

For both Defendants, Plaintiff has asserted facts that, taken as true, could establish a violation of his right to constitutionally adequate medical care. Plaintiff asserted that (1) he had an infection (potentially serious medical need, particularly for someone with diabetes); (2) Crocket allegedly knew Plaintiff had an infected foot and was diabetic, but refused to examine the foot or supply needed antibiotics; Power cleaned out Plaintiff's infected foot wound and said he would prescribe antibiotics and dressing changes, but did not do so (knew of and disregarded

---

[36] *Clemmons v. Bohannon*, 956 F.2d 1523, 1525–26 (10th Cir. 1992).

[37] *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

[38] *Duran v. Donaldson*, 663 F. App'x 684, 688 (10th Cir. 2016) (unpublished).

[39] *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

[40] *Id.* (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

a potentially excessive risk); and (3) he has endured lifelong effects from amputation of both a toe and top of his foot (substantial harm resulted).

Viewing the allegations of Plaintiff's Complaint in the light most favorable to Plaintiff, together with the reasonable inferences therefrom, Plaintiffs asserts a plausible violation of a constitutional right. He has alleged a sufficiently serious risk and that Defendants were "aware of and fail[ed] to take reasonable steps to alleviate the risk."[41] He thus meets his burden as to qualified immunity's first prong for purposes of the motion to dismiss.

### 2. Clearly Established Right

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[42] A legal principle is clearly established when there is "a sufficiently clear foundation in then-existing precedent."[43] The court does not define "clearly established law at a high level of generality."[44] Rather, the court looks at whether the particular conduct alleged violates the Eighth Amendment. Although "a case directly on point" is not required, existing precedent, ordinarily from a Supreme Court or Tenth Circuit decision, "must have placed the constitutional question regarding the illegality of defendant's conduct beyond debate."[45]

Plaintiff successfully meets his burden on the second prong of qualified immunity by citing United States Supreme Court and Tenth Circuit precedent showing that--assuming his

---

[41] *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

[42] *Ullery*, 949 F.3d at 1291 (internal quotation marks and citations omitted).

[43] *Id.* (internal quotation marks and citations omitted).

[44] *Id.*

[45] *Id.* (internal quotation marks and citations omitted).

allegations are true--his right was sufficiently clear, such that Defendants would have understood during their interactions with him that what they were doing, or not doing, violated his right to constitutionally adequate medical care.[46] Importantly, these opinions were all written before the alleged actions or inactions would have occurred in 2018.

### 3. Summary

Regarding Plaintiff's § 1983 claims, Defendants Crocket and Power's Motions to Dismiss are denied. Plaintiff's factual allegations--accepted as true for purposes of this motion only--and arguments withstand Defendants' assertion of the qualified immunity defense at this stage of proceedings.

### D. Utah Constitution's Unnecessary Rigor Clause

Plaintiff asserts that the same factual scenarios in his Complaint support a claim against each defendant under the Unnecessary Rigor Clause of the Utah Constitution. Article I, section 9 of the Utah Constitution states in relevant part: "Persons arrested or imprisoned shall not be treated with unnecessary rigor."

The Court rejects Defendant UDOC's argument that this claim against it must be dismissed because the cause of action may be brought only against an individual governmental

---

[46] *Estelle*, 429 U.S. at 103–04 (stating deliberate indifference may be manifested by prison staff "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed," inflicting "unnecessary suffering"); *Walton v. Gomez*, 745 F.3d 405, 433 (10th Cir. 2014) (rebuffing defendants' argument that "preexisting authority did not give them adequate notice that they could be deliberately indifferent by failing to summon medical care within a three-minute period" because "law can be clearly established even when 'the very action in question' has not 'previously been held unlawful'" (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002))); *Mata*, 427 F.3d at 755 (holding evidence of "unnecessary pain" and "worsening . . . condition" satisfy "objective component of the *Estelle* test" and evidence of "[e]ven a brief delay may . . . satisfy subjective component"); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment.").

employee. Plaintiff may possibly hold UDOC liable for an individual employee's violation of Plaintiff's civil rights by proving UDOC "had the right to control that individual's conduct at the time of the [violation]."[47]

Meanwhile, Defendants Crocket and Powers assert, under a similar analysis to that already performed under the Eighth Amendment, that the facts stated in the Complaint do not support an unnecessary rigor claim. It is true that "there is a significant overlap between the federal and state claims."[48] And so, because the Court has determined above that Plaintiff's Eighth Amendment claim survives Defendants' Motions to Dismiss, it now determines that the unnecessary rigor claim survives too. But also, the Court "cannot say with certainty that damages for [the § 1983 claim] will fully redress [Plaintiff's] injuries and that damages under the state constitution would be inappropriate."[49] And finally,

> [a] reasonable jury could conclude that [Defendants'] conduct did not violate the federal constitution but did violate the state constitution. In that case, [Plaintiff] would have no remedy under federal law but would be entitled to damages under state law. Until a jury makes that determination, [Plaintiff's] state claim must be permitted to go forward.[50]

Accordingly, Plaintiff's unnecessary rigor claim against each defendant survives each defendant's motion to dismiss.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

---

[47] *Cheek v. Iron County*, 2018 UT App 116, ¶ 14.
[48] *Finlinson v. Millard Cty.*, 455 F. Supp. 3d 1232, 1244 (D. Utah 2020).
[49] *McCubbin v. Weber Cty.*, Nos 1:15-CV-132, -133, 2017 U.S. Dist. LEXIS 124763, at *70 (D. Utah Aug. 7, 2017).
[50] *Finlinson*, 455 F. Supp. 3d at 1245.

Defendants' Motions to Dismiss are **GRANTED IN PART** and **DENIED IN PART**.[51] Plaintiff's Section 1983 claim against Defendant UDOC is dismissed with prejudice. Plaintiff's official capacity Section 1983 claims against Defendants Crocket and Power are dismissed with prejudice.

DATED this 30th day of March, 2021.

BY THE COURT:

_____
JUDGE DAVID BARLOW
United States District Court

---

[51] ECF Nos. 6, 7, 8.