THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| JOHN T. MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>GABRIEL POWER et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [23] MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br>AND<br>ORDER GRANTING [31] MOTION TO AMEND ANSWER<br><br>Case No. 2:20-cv-00210-DBB<br><br>District Judge David Barlow |

  Plaintiff filed a prisoner civil rights complaint in Utah state court. (ECF No. 2-2.) Defendants removed the case to this Court. (ECF No. 2.) Alleging inadequate medical care during Plaintiff's stay at Utah State Prison (USP), the Complaint brought federal and state constitutional claims against Defendants Utah Department of Corrections (UDOC), Physician Assistant Crockett, and Dr. Power. (ECF No. 2-2.)

  Plaintiff specifically alleged that, during an eleven-day period in 2018, Defendants mistreated a foot wound, resulting in partial amputation and ongoing physical problems. (*Id.*) He asserted that the same factual scenario also supported a claim under Utah Constitution's Unnecessary Rigor Clause. (*Id.*)

  On March 30, 2021, the Court granted in part and denied in part Defendants' motions to dismiss. (ECF No. 20.) Plaintiff's § 1983 claim against Defendant UDOC and his official-capacity § 1983 claims against Defendants Crockett and Power were dismissed with prejudice. (*Id.*) Meanwhile, Plaintiff's § 1983 individual-capacity claim against Defendants Crockett and

Power was determined to have survived Defendants' motion to dismiss based on a qualified-immunity defense. (*Id.*) And his unnecessary-rigor claim against Defendants Crockett, Power, and UDOC also survived. (*Id.*)

Plaintiff then moved for leave to file an amended complaint. (ECF No. 23.) His proposed amended complaint adds three defendants: Nurse Lee, Nurse Baker, and P.A. Merrill, all UDOC medical providers. (ECF No. 23-2.) The proposed amended complaint contends each of these three potential new defendants also provided constitutionally inadequate medical care and treated him with unnecessary rigor. The incidents alleged against these potential new defendants occurred in 2020 and early 2021. (*Id.*) His proposed amended complaint further asserts a retaliation claim against the potential new defendants. (*Id.* at 20-21.) In particular, he argues the potential new defendants knew of his original suit against original Defendants Crockett, Power and UDOC, and deprived him of inadequate medical treatment as revenge for this suit. (*Id.*)

## RULE 15: AMENDED PLEADINGS

Federal Rule of Civil Procedure 15 governs amended pleadings: "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants do not argue any of these grounds against amendment apply except prejudice. This is the gist of their argument: Plaintiff's "proposed amendments unduly prejudice Defendants" because addition of the three proposed defendants and causes of action against them for inadequate medical treatment and unnecessary rigor "are extraneous to anything in his [original] Complaint and constitute improper joinder . . . and misjoinder of parties is just cause for the Court to either sever those claims . . . . or order separate trials." (ECF No. 24, at 8.)

But misjoinder and separate trial motions are premature here. Plaintiff has moved for leave to amend his complaint. He has pleaded specific facts which purported to tie the claims together. As the case proceeds, Defendants will be able to move for misjoinder and severance if warranted.

Defendants also argue that "[i]f this type of supplement were permissible, [Plaintiff] could continue to amend his Complaint after every interaction with any DOC employee." (*Id.* at 9.) That prospect is not now before the court. If Plaintiff were to seek leave to file yet another complaint, the issue then would be ripe.

Defendants also maintain that "[t]he evidence required to support or refute the claims against Crockett and Power differs significantly from the evidence required to support the allegations against Lee, Merrill, and Baker," with "no common discovery or witness overlap" and medical experts testifying "on unconnected and disparate medical conditions and causation." (*Id.* at 12–13.) Defendants go on to assert that amendment would result in a misjoinder that "unnecessarily complicates this litigation because it equates to two separate and distinct suits being tried as one in the same," without promoting "expedition or economy." (*Id.* at 13.)

Whether the claims are separate and distinct and how much overlap there might be remains to be seen. Also, the court notes that each of the Defendants were employed by the single entity of UDOC, so the proposed Defendants would be represented by the same attorneys representing the original defendants. Plaintiff's medical records, regardless of date and provider, are all held by UDOC and easily accessible to counsel for original and proposed Defendants.

And the claims against original Defendants and proposed Defendants involve the same causes of action: inadequate medical treatment and unnecessary rigor. Thus, the analyses for various defendants will apply the same law and follow a similar flow, which also may lend itself to "expedition or economy."

Finally, the retaliation claim alleges a thread connecting the first two causes of action. The proposed Amended Complaint alleges that Plaintiff's suit against the original Defendants was known by their co-workers—proposed Defendants—and caused them to strike back at Plaintiff by providing additional inadequate medical treatment. (ECF No. 23-2 at 9, 13, 20–21.) After discovery, the allegations may prove to be insufficiently connected. If that happens, defendants may then file misjoinder or separate trial motions.

## RULE 20: PERMISSIVE JOINDER

Also relevant to the question of amendment, Rule 20 of the Rules of Civil Procedure says that Plaintiff may join various defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendant will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff's original complaint alleged two types of claims that remain: (1) claims asserted against Defendants Crockett and Power for inadequate medical treatment in 2018; and (2) claims asserted against Defendants Crockett, Power, and UDOC for unnecessary rigor (under the Utah Constitution). Defendants argue that the proposed amendment, adding Defendants Lee, Merrill, and Baker, would "unnecessarily complicate this litigation because it improperly joins unrelated parties, and if granted, would be subject to severance and/or separate trials." (ECF No. 24, at 5.)

The overarching question remains whether justice suggests that the Court allow amendment. Under that umbrella, the Court considers whether claims against proposed additional Defendants "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and have "question[s] of law or fact common to all defendant[s]." Fed. R. Civ. P. 20(a)(2).

In *Vreeland v. Schwartz*, 613 F. App'x 679 (10th Cir. 2015) (unpublished), the plaintiff's original complaint brought these claims: (1) claims that Defendant Schwartz and others hindered his legal access; and (2) retaliation claims not referring to Defendant Schwartz but asserting other defendants retaliated against him due to his grievances and litigation brought against prison personnel. *Id.* at 685. Concluding codefendants were improperly joined in his original complaint, the trial court ordered the plaintiff to amend his complaint "because the complaint misjoined multiple claims and defendants and exceeded the 30-page limit for a prisoner complaint." *Id.* at 684. With his objections to that order overruled, the plaintiff filed an amended complaint dropping many retaliation allegations and related defendants. *Id.* The plaintiff's objections argued the defendants "were all part of one string of conduct," *id.* at 685 (quotation marks and citation omitted)--i.e., "the claims and defendants . . . named were properly joined as part of his

retaliation claim because he 'was subjected to retaliation by [defendants S. Morgan, J. Wood, and J. Hansen] as a direct result of the grievances [he] filed against *Defendant Schwartz*,'" *id.* (citation omitted and emphasis added). The Tenth Circuit agreed with the plaintiff "that the alleged acts of retaliation, though involving different defendants and different acts, arose out of a 'series of transactions' arising out of common facts: namely, acts of retaliation for the same protected conduct by [the plaintiff]." The Tenth Circuit thus concluded that the claims were "within the permissive joinder rules of Fed. R. Civ. P. 20(a)(2)." *Id.*

*Vreeland* is factually similar to this case, at least on the record as it currently exists. There as here, a retaliation claim was asserted in which the Plaintiff filed grievances or litigation against one prison Defendant or set of prison Defendants, which allegedly triggered other prison Defendants to retaliate against the Plaintiff. And as in *Vreeland*, here, the alleged retaliation involved different Defendants and acts, but arose from a related factual thread, at least as set forth in Plaintiff's allegations presumed true here: Plaintiff engaged in the protected conduct of bringing suit against the original Defendants, which purportedly resulted in acts of retaliation by the proposed Defendants.

In conclusion, trial courts are to freely grant leave to amend when justice so requires. On the current record, the proposed amendment seems likely to promote efficiency and economy. The court does not reach the misjoinder and separate trial arguments, which Defendants may raise at a later stage, if appropriate.

**IT IS ORDERED** that:

**(1)** Plaintiff's motion to amend his Complaint is **GRANTED**. (ECF No. 23.)

**(2)** Defendant Crockett's uncontested and stipulated Motion to Amend Defendant Crockett's Answer to Complaint is **GRANTED**. (ECF No. 31.)

DATED this 11th day of August, 2021.

BY THE COURT:

_____
DAVID BARLOW
United States District Judge