THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN T. MILLER,<br><br>                              Plaintiff,<br><br>v.<br><br>GABRIEL POWER, et al.,<br><br>                              Defendants. | **MEMORANDUM DECISION AND ORDER ON [62] MOTION TO EXTEND DISCOVERY**<br><br>Case No. 2:20-cv-00210-DBB<br><br>District Judge David Barlow |

Plaintiff, John T. Miller, moves the court to reopen discovery to conduct two depositions which were noticed prior to the close of fact discovery, but not completed in time, because Plaintiff's counsel mis-calendared the discovery deadline. Defendants oppose Plaintiff's motion to reopen discovery on the grounds that Plaintiff cannot satisfy the standard for excusable neglect required to extend a deadline after it has expired under Rule 6(b)(1)(B), and because Plaintiff cannot satisfy the requirements for good cause to reopen fact discovery under Rule 16(b)(4). Specifically, Defendants argue that Plaintiff's counsel's carelessness is not excusable neglect, and there is no good cause to reopen discovery because Plaintiff was not diligent in completing discovery prior to the deadline and the need for the depositions was foreseeable.

## I. BACKGROUND

The relevant facts are undisputed. On September 6, 2022, pursuant to the parties' stipulation, the court entered a Second Amended Scheduling Order, which set a close of fact discovery for January 4, 2023. (ECF No. 57.) Plaintiff's counsel inadvertently recorded the deadline in his calendar as January 19, 2023. (ECF No. 62, at 2.) During discovery, the parties cooperated to complete multiple depositions and exchanged written discovery. *Id*. On December

1

1, 2022, defense counsel filed a notice of unavailability covering the period between December 13, 2022 and January 8, 2023. (ECF No. 58.) The notice requested a protective order if any depositions were set during the period of unavailability. *Id*. at 2. Plaintiff's counsel failed to apprehend that the period of unavailability extended past the close of fact discovery. *Id.* at 3. On December 12, 2022, mere minutes before defense counsel's noticed unavailability, Plaintiff's counsel sent an email informing defense counsel of the need to conduct two final depositions. (ECF No. 62, at 2.) On January 2, 2023, defense counsel notified Plaintiff that she had returned early from her unavailability, but would only be working part-time. (ECF No. 63, at 5.) On January 10, 2023, Plaintiff's counsel contacted defense counsel to set the final two depositions. *Id*. On January 11, 2023, defense counsel notified Plaintiff's counsel that fact discovery had already closed. *Id*. On January 20, 2023, Plaintiff filed the instant motion to reopen discovery. *Id*. at 7.

## II. MODIFICATION OF THE SCHEDULING ORDER FOR EXCUSABLE NEGLECT

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Once the order has expired, a movant must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 391 (1993) ("Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the 'result of excusable neglect.'"). The Tenth Circuit has applied a four-factor analysis to determine excusable neglect. The four factors are (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id. Pioneer,* 507 U.S. at 395 (1993) (discussing application of the

2

excusable neglect standard under Fed. R. Bankr. P. 9006(b)(1)). The Tenth Circuit has suggested that fault for the delay is "perhaps the most important single factor." *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004). Nevertheless, courts have affirmed findings of excusable neglect even where the movant was responsible for the delay. *Pioneer*, 507 U.S. at 395 (affirming a finding of excusable neglect after an attorney inadvertently failed to file a claim against a debtor); *United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004) (affirming a finding of excusable neglect even though the error was based on an attorney's misunderstanding of a "plain and unambiguous" federal rule). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

### A. Prejudice

Defendants decline to argue prejudice if discovery is reopened to allow Plaintiff to conduct the final depositions. Although the depositions will inevitably impose some costs on the defense, the Defendants have not identified any reason to believe those costs will increase as a result of Plaintiff's mistake. For purposes of this decision, the court finds that Defendants have conceded that the extending the discovery deadline will not significantly prejudice the defense. Therefore, the prejudice factor weighs in favor of a finding of excusable neglect.

### B. Length of delay

Trial has not been set and there is no foreseeable impact on the administration of proceedings if relief is granted. Furthermore, Plaintiff acted reasonably promptly to address his error after the mistake had been discovered. Discovery closed on January 4, 2023. Plaintiff's counsel, under the mistaken belief that the deadline was January 19, and having received defense

counsel's notice of unavailability through January 8,[1] waited until January 10 to attempt to schedule the final two depositions. The next day, defense counsel notified Plaintiff's counsel that discovery had already expired. (ECF No. 63, at 5.) On January 20, Plaintiff's counsel filed a motion to reopen discovery. The Supreme Court has affirmed a finding of excusable neglect despite a twenty-day delay. See *Pioneer*, 507 U.S. at 386. Defendants' opposition offers no precedent to support the proposition that either the sixteen-day delay after close of discovery or the nine-day delay after Plaintiff discovered his mistake renders Plaintiff's neglect inexcusable. Therefore, the court finds that the length of delay and impact on administration of proceedings does not preclude relief.

### C. Reason for Delay

Defendant argues that "[c]arelessness by a litigant or his counsel does not afford a basis for relief." (ECF No. 63, at 2, quoting *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)). However, cases cited by the defense to support the proposition that carelessness does not afford a basis for relief are distinguishable. In *Pelican*, the Tenth Circuit noted that the moving party had a history of vexatious and bad faith litigation against the defendant. *Pelican*, 893 F.2d at 1144. Similarly, in *Perez v. El Tequila, LLC*, 847 F.3d 1247 (10th Cir. 2017), the Tenth Circuit considered all relevant circumstances before ruling that a district court had not abused its discretion when it denied relief to an attorney with a pattern of late responses. *See*, *Perez*, 847 F.3d at 1251. Significantly, in *Perez*, the Tenth Circuit explicitly noted that "had counsel's error been isolated, our decision might be different." *Id*.

Additionally, the Tenth Circuit has overturned a district court's refusal to find excusable neglect for an isolated calendar mistake. In J*ennings v. Rivers*, 394 F.3d 850 (10th Cir. 2005), the

---

[1] On January 2, two days before the expiration of discovery defense counsel notified Plaintiff's counsel that she had returned from her unavailability early, but she would only be available on a part-time basis. (ECF No. 63, at 5.)

Tenth Circuit ruled that a district court had abused its discretion by rejecting excusable neglect as a basis for relief where the plaintiff's counsel had mistaken the time of a hearing and arrived a few minutes after the judge had entered judgment and left the bench. *Jennings*, 394 F.3d at 857. The Tenth Circuit noted that when determining excusable neglect "a court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake." *Id*. Further, the Tenth Circuit recognized that an isolated mistake "could occur in any attorney's office, no matter how well run." *Jennings,* 394 F.3d at 852 (quoting *D G Shelter Products Co. v. Forest Products Co.*, 769 F.2d 644, 645 (10th Cir. 1985)).

Similarly, in *Pioneer*, the Supreme Court affirmed a finding of excusable neglect despite an attorney's mistake that caused his client to miss a filing deadline. The Supreme Court recognized the movant's responsibility for the omission but nevertheless considered "all relevant circumstances" before granting relief. *Pioneer*, 507 U.S. at 395. The Supreme Court reasoned that the neglect was excusable in *Pioneer* because notice of the deadline had been provided by the court in an atypical notice, and there was no evidence that other factors weighed against relief. *Pioneer*, 507 U.S. at 398. In articulating its decision, the Supreme Court stated

> This is not to say, of course, that respondents' counsel was not remiss in failing to apprehend the notice. To be sure, were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be "excusable."

*Id*. Therefore, a party's responsibility for delay is not independently dispositive.

In the instant case, Plaintiff's negligent calendaring of the deadline caused the delay. This factor weighs against relief but is not independently dispositive.

**D. Good Faith**

Neither party suggests that bad faith contributed to the delay. The court finds that this factor weighs in favor of relief.

**E. Conclusion**

Considering all relevant circumstances, the court finds that Plaintiff's neglect was sufficiently excusable to warrant relief under Rule 6(b)(1)(B). The context for the instant motion to extend discovery in this case is distinguishable from the cases cited by the respective parties. There is no evidence that any external factor contributed to counsel's misapprehension of the deadline as had been the case in *Pioneer*. Nor is there any evidence of frivolous litigation as had been the case in *Pelican*, nor a pattern of lateness as in *Perez*. However, this case does present a delay longer than the few minutes at issue in the *Jennings* case.

Nevertheless, while fault for the delay weighs against relief and is "perhaps the single most important single factor," that factor alone is not dispositive. The remaining factors, prejudice to the non-moving party, length of the delay and potential impact on the proceedings and good faith of the moving party all weigh in favor of a finding of excusable neglect.

**III. REOPENING DISCOVERY FOR GOOD CAUSE**

Defendant also opposes the motion on the basis that Plaintiff cannot establish good cause to reopen discovery under Rule 16(b)(4). Reopening discovery "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit has set forth the following factors for courts to consider when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need

> for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith*, 834 F.2d at 169. "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 Fed App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted).

Defendant argues that Plaintiff was not diligent in completing discovery within the period set by the scheduling order. (ECF No. 63, at 4.)  Further, Defendant argues that Plaintiff's carelessness is not compatible with a finding of diligence. *Id.* ECF No. 63, at 4 (citing *Tesone v Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).) Defendant argues that these two factors are sufficient to deny Plaintiff relief.

However, the cases which Defendant cites for the proposition that diligence and foreseeability are the most relevant factors are distinguishable. Having considered each of the six *Smith* factors, the court finds that three factors weigh in favor of relief, and three weigh against. As will be discussed below, the court finds that relief is warranted.

### A. Imminence of Trial

Trial has not been set. The defense declined to address whether reopening discovery would have a negative impact on the administration of the proceedings. This factor therefore weighs in favor of relief.

### B. The Request is Opposed

Defendants oppose Plaintiff's request to reopen discovery. This factor weighs against relief.

## C. Prejudice to Defendant

Defendants have not identified any prejudice they would suffer if discovery were reopened for the limited purpose of allowing Plaintiff to conduct the final two depositions. Therefore, this factor weighs in favor of relief.

## D. Diligence

Plaintiff's counsel negligently mis-calendared the deadline for fact discovery. However, this court has concluded that neglect to be excusable. Defense counsel's unavailability may have contributed to the delay, but Plaintiff's counsel offers no explanation why the final depositions could not have been completed earlier during the extended discovery period. Therefore, the court concludes that the diligence factor weighs slightly against relief.

Defendant cites *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) for the proposition that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." However, *Tesone* is distinguishable. In *Tesone*, the Tenth Circuit affirmed a district court's refusal to extend discovery after a litigant failed to provide an adequate explanation for her nine-month delay after the discovery deadline to file a motion requesting the extension. *Tesone*, 942 F.3d at 989. Further, the litigant failed to show that she had made diligent efforts to meet the disclosure deadline. *Id*.

In contrast to the litigant in *Tesone*, Plaintiff's counsel has provided a clear explanation for the delay: he inadvertently recorded the wrong deadline. Further, Plaintiff sought relief relatively soon after the mistake was discovered. Plaintiff's counsel bears responsibility for the calendaring error. However, the Tenth Circuit has acknowledged that calendaring mistakes can "occur in any attorney's office, no matter how well run." *Jennings,* 394 F.3d at 852. And, defense counsel effectively unilaterally advanced the deadline for discovery by filing a notice of

unavailability covering the final three weeks of the actual discovery period. The timing of Plaintiff's notice to defense counsel of the need to conduct the final two depositions demonstrates an attempt to work within Plaintiff's counsel's mistaken understanding of the discovery deadline and still accommodate defense counsel's unavailability. Even though defense counsel returned early from her unavailability on January 2, Plaintiff could not reasonably have scheduled the depositions in the two days remaining in the discovery period.

Therefore, the diligence factor weighs slightly against relief, but not so heavily as in *Tesone*. While Plaintiff might have completed the depositions sooner in the discovery period, Plaintiff's efforts to meet the deadline as he understood it and to accommodate defense counsel's unavailability demonstrates a degree of diligence. The court finds that Plaintiff's level of diligence does not preclude relief.

### E. Foreseeability

Defendant also argues that Plaintiff's motion should be denied because the need to depose the final two witnesses was foreseeable. Defendant cites *Tracy v. Youth Health Assocs., Inc.*, No. 20-CV-88, 2021, U.S. Dist. LEXIS 110051 (D. Utah June 9, 2021) and *Corel Software, LLC v. Microsoft Corp.*, No. 15-CV-528, 2019 U.S. Dist. LEXIS 24123 as examples of cases where this court has found that foreseeability was among the most relevant factors in the analysis and weighed heavily against granting relief. However, both cases are distinguishable.

In *Tracy*, foreseeability was most the most relevant factor because the movant had raised lack of foreseeability as the primary justification for reopening discovery. *See, Tracy,* at *5. The *Tracy* movant argued that the extension was necessary because an allegedly new justification for her termination had surfaced in depositions. *Id.*, *at* *1. However, this court found that the movant had notice of the allegedly new justification through a prior administrative proceeding, and that

she had included a directly relevant interrogatory in her first set of written discovery requests. *Id*., at *5. Therefore, the court concluded that the record undermined the movant's primary explanation for the need for an extension. *Id*. Relief was not available because the court found the movant's primary justification to be not credible.

Likewise, in *Corel*, diligence and foreseeability were the determining factors because of the factual context of the motion to extend discovery. In *Corel*, the movant sought to reopen discovery two years after it had closed to conduct a deposition which had been foreseeable throughout the discovery period. *Corel Software, LLC v. Microsoft Corp.*, No. 15-CV-528, 2019 U.S. Dist. LEXIS 24123, *4. The movant failed to provide a persuasive explanation for the delay. *Id*. at *5. This court concluded in that context foreseeability of the deposition and the movant's failure to pursue the deposition weighed heavily against reopening.

In contrast, Plaintiff does not base his request on the unforeseeability of new information. Rather, Plaintiff seeks the extension because of his isolated calendaring mistake. Plaintiff fails to explain why the depositions could not have been conducted earlier in the discovery period. However, Plaintiff provided notice of the need to conduct the depositions before defense counsel's period of unavailability and attempted to schedule the depositions shortly after her noticed period ended. In this context, the court finds that although the foreseeability of the depositions weighs against reopening discovery, foreseeability weighs less heavily than in the cases cited by the defense's opposition.

### F. Likelihood of Relevant Evidence

The defense does not contest that the depositions are likely to produce relevant evidence. For the purposes of this analysis, this factor weighs in favor of reopening discovery.

## IV. CONCLUSION

The Court finds that Plaintiff's counsel's mistake in calendaring the close of fact discovery is excusable neglect. Having considered the relevant circumstances and weighed each of the *Smith* factors, the court concludes that relief is warranted.

**IT IS ORDERED** that Plaintiff's motion to extend discovery for the purpose of deposing Nurse Joy and Sgt. Strong is **GRANTED**.

DATED this 20th day of October, 2023.

BY THE COURT

_____
JUDGE DAVID BARLOW
United States District Court

11