VANESSA R. WALSH (16180)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
(801) 366-0100
vwalsh@agutah.gov
*Counsel for Defendants*

---

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| John T. Miller,<br><br>     Plaintiff,<br><br>v.<br><br>Dr. Gabriel Power et al.<br><br><br>     Defendants. | **MOTION TO EXCLUDE DR. ZAWITZ'S OPINION ON STANDARD OF CARE**<br><br>Case No. 2:20-cv-00210-DBB<br><br>Judge: David Barlow |

Pursuant to Federal Rule of Civil Procedure 7, Federal Rule of Evidence 702, and District of Utah Local Rule 7-1, Defendants, through counsel, Vanessa R. Walsh, Assistant Utah Attorney General, move this Court to exclude Dr. Zawitz's opinion regarding the standard of medical care.

### RELIEF SOUGHT AND GROUNDS FOR MOTION

Defendants move to exclude Dr. Zawitz's expert report, opinions, and testimony that relate to medical standards of care because they are irrelevant to any issue in this case.

## INTRODUCTION

Plaintiff, John Miller, alleges Dr.'s Crockett and Power were deliberately indifferent to his medical care in violation of the Eighth Amendment, and that he was subjected to Unnecessary Rigor in violation of the Utah Constitution and those violations led to the partial amputation of his pinky toe. Specific to Crockett, Miller alleges that during his intake examination three days after his arrival at the prison, Crocket did not examine his foot. Specific to Power, he alleges that while Power treated his foot on August 3, 2018, Power failed to timely prescribe antibiotics. Miller alleges each of these actions resulted in an infection that ultimately caused the amputation of his pinky toe

The relevant legal issue here is whether Crockett or Power knew of a serious risk to Miller's health and either (1) consciously disregarded that risk (claim 1) or (2) acted without reasonable justification (claim 2). Dr. Zawitz offered three opinions.  Those opinions are (1) that Crockett's examination breached the standard of care; (2) Power's clearly inadvertent failure to enter a prescription into the prison's electronic system breached the standard of care; and (3) Crockett and Power's breaches of care may have contributed to the amputation. The first two opinions are irrelevant to the disposition of this case.

## LEGAL STANDARD

"Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it . . . . the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 595 (1993). The admission of expert testimony is governed by both Federal Rule of Evidence 702 and the Supreme Court's interpretation of that rule set

forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* Rule 702 requires that the evidence or testimony "assist the trier of fact to understand the evidence or to determine a fact in issue. To be relevant, any proposed expert testimony must be tied to the facts of the case such that it will aid the jury in resolving a factual dispute. *Id.* at 591. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* "Rule 702's 'helpfulness' standard requires a valid scientific connection to the pertinent inquiry as a precondition to admissibility." *Id.* at 591-592. Ultimately, the proponent of the expert testimony bears the burden of establishing by a preponderance of the evidence that the requirements for admissibility have been met. *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

### ARGUMENT

Excluding opinions on causation, Dr. Zawitz's opinions are (1) Crockett's initial history and physical examination on July 26, 2018 fell below the standard of care"[1] and (2) Power's inadvertent failure to document his interaction with Miller on August 3, 2018 in the prison's electronic medical system fell below the standard of care.[2] Those opinions do not assist the trier of fact because the standard of care is not an element of either of Miller's two claims. Even assuming, in arguendo, Crockett and Power violated a standard of care, even to the point of committing malpractice, Dr. Zawitz's opinions are still irrelevant.

[1] Ex. A, Zawitz Report, p. 14; Ex. B. Zawitz Deposition Transcript, 91:7-10.
[2] Ex. A, Zawitz Report, p. 18; Ex. B. Zawitz Deposition Transcript, 95:7-96:12

1. **DR. ZAWITZ'S OPINION ON THE STANDARD OF CARE IS NOT RELEVANT TO A DELIBERATE INDIFFERENCE CLAIM.**

Dr. Zawitz opines that Crockett's exam and Power's inadvertent failure to enter his orders into the medical system was below the standard of care. While those opinions may be relevant in a negligence action, Miller is alleging a violation of the federal constitution. He is not alleging medical malpractice. The Tenth Circuit has repeatedly held that a "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006); *Sparks v. Rittenhouse*, 314 F. App'x. 104, 107 (10th Cir. 2008) (unpublished) ("Deliberate indifference requires more than mere negligence.") (citation omitted); *Duffield v. Jackson,* 545 F.3d 1234, 1237 (10th Cir. 2008) (A medical provider's negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment.)

When an official's actions require medical judgments, a plaintiff can "produce opinions of medical experts which assert that the official's actions were so grossly contrary to accepted medical practices as to amount to deliberate indifference." *Mata v. Saiz*, 427 F.3d 745, 757-758 (10th Cir. 2005) (quoting *Howell v. Evans*, 922 F.2d 712, 720 (11th Cir. 1991). To support a claim of deliberate indifference, "the plaintiff must show far more than negligence in order to assert an eighth amendment violation." *Howell*, at 720. The treatment must be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" to constitute deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Ordonez v. Burnham*, No. 2:14-CV-630 TS, 2017 WL 1184021, at *5 (D.

Utah Mar. 29, 2017); *Taylor v. Roberts*, No. 2:16-CV-00097-JNP, 2017 WL 4232557, at *3 (D. Utah Sept. 22, 2017).

Here, Dr. Zawitz's standard of care opinions and testimony are of no consequence because they do not make it more or less probable that Miller's constitutional rights were violated than it would be without the evidence. Even if a jury believed Crockett or Power violated the standard of care and were negligent, it could nonetheless find neither were deliberately indifferent to Miller's medical need. Dr. Zawitz does not opine that Crockett or Miller's actions were grossly contrary to accepted medical practices. When asked if he were only offering an opinion on standard of care, not degrees of magnitude below the standard of care, Dr. Zawitz responded "I'm definitely not going to testify to degrees of magnitude.[3]

Further, an opinion on negligence has a tendency to confuse and mislead the jury on what is at issue because the burden in a torts action is significantly lower than the burden Miller carries in his Eighth Amendment claim.

### 2. DR. ZAWITZ'S OPINION ON THE STANDARD OF CARE IS NOT RELEVANT TO AN UNNECESSARY RIGOR CLAIM

"A prisoner suffers from unnecessary rigor when he is subjected to unreasonably harsh, strict, or severe treatment." *Christensen v. Salt Lake Cnty.*, 2022 UT App 51, ¶ 44 (quoting *Dexter v. Bosko*, 2008 UT 29, ¶ 19). To state a claim for a violation of the Unnecessary Rigor clause, the violation "must arise from 'treatment that is clearly excessive or deficient and unjustified, not merely the frustrations, inconveniences, and irritations that are common to prison life.'" *Dexter v. Bosko*, 2008 UT 29, ¶ 19 (quoting *Bott v. Deland*, 922 P.2d 732, 741 (Utah

---

[3] Zawitz Dep., 95:2-6.

1996). "When the claim of unnecessary rigor arises from an injury, a constitutional violation is made out only when the act complained of presented a substantial risk of serious injury for which there was no reasonable justification at the time." *Id*. To show a violation of the Unnecessary Rigor clause, a plaintiff must establish, among other things, that he suffered a "flagrant' violation" of his constitutional rights. *Spackman ex rel. Spackman v. Bd. of Educ. of Box Elder Cnty. Sch*. Dist., 2000 UT 87, ¶¶ 23–25. The requirement that the unconstitutional conduct be 'flagrant' ensures that a government employee is allowed the ordinary 'human frailties of forgetfulness, distractibility, or misjudgment without rendering [him or her]self liable for a constitutional violation.'" *Id*. at ¶ 23. (quoting *Bott v. DeLand*, 922 P.2d 732, 739-40 (Utah 1996)). In such cases, a flagrant violation occurs whenever "the nature of the act presents an obvious and known serious risk of harm to the arrested or imprisoned person" and also, "knowing of that risk, the official acts without other reasonable justification." *Dexter v. Bosco*, 2008 UT 29, ¶ 23. To be a flagrant violation in satisfaction of the *Spackman* test, "the conduct at issue [must] be more than negligent to be actionable." *Dexter*, 2008 UT 29, ¶ 21, 184 P.3d at 597; *Christensen v. Salt Lake Cnty.,* 2022 UT App 51, ¶ 54 ("the defendants' conduct must be more culpable than mere negligence.")

Dr. Zawitz' standard of care opinions are irrelevant to Miller's state constitutional claims for the same reasons they are irrelevant to his federal constitution. He opines that they were negligent – not that their care was clearly excessive or deficient.

**CONCLUSION**

The Court should exclude Dr. Zawitz's standard of care opinions because they are irrelevant and have a high likelihood of confusing the issues or misleading the jury.

DATED:  September 3, 2024.


OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/ Vanessa R. Walsh*
VANESSA R. WALSH
Assistant Attorney General
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on September 3, 2024, I electronically served the foregoing, **MOTION TO EXCLUDE DR. ZAWITZ'S OPINION ON STANDARD OF CARE** all parties via the court's CM/ECF e-filing system. I also certify that according to the Court's docket Plaintiff is represented by Counsel and was served via his address listed below.


Daniel Baczynski
Baczynski Law, PLLC
12339 S. 800 E. Ste 101
Draper, UT 84020
dan@bskilaw.com


/s/ *Vanessa R. Walsh*